IN THE MATTER OF JAMES ALEXANDER STRIKER'S PETITION TO HAVE STALE ASSESSMENTS VACATED.

*Assessments — presumption of payment — cancellation of — power of court over — parties to application for.*

APPEAL from an order at Special Term canceling assessments.

The petitioner applied to have certain assessments vacated, canceled and declared null and void. They were confirmed in the years 1836, 1838, 1839 and 1840.

In 1856 his father, who was then the owner of the property upon which they were imposed, obtained an injunction which restrained the city authorities from selling the land to satisfy the assessments, and that injunction still continues. The assessments are, nevertheless, a cloud upon the title, and the petitioner for that reason desires to have them vacated.

It appeared from testimony given before the referee, that they were once marked paid, and that the petitioner's father, who owned the property affected, was careful in the payment of all assessments. It also appeared that the records in regard to such matters in former days were very inaccurate, and that in many instances assessments which had been paid were not so marked; that the clerks, then in charge of the records, had died, and that in consequence of the frequent removals of the records and changes in the departments and bureau, the original records had disappeared, and that the papers relating to the estate affected, including papers of the petitioner's father, had been lost by changes in the offices of the brother of the petitioner, in whose charge they were. The only answer made to these facts and circumstances was, that by some of the records the assessments were not marked paid, and therefore continued to be liens on the land to which they related, and the question presented by them is, whether they afford a reasonable presumption that the assessments have lost vitality and should not be enforced.

The court at General Term said : " They would seem to be sufficient for that purpose. It does not appear why the assessments should be continued, after they were marked paid, although it may be accounted for by the inaccuracy which at one time prevailed in the department having charge of such matters. It does not appear, either, why the injunction has been allowed to continue for a period of more than twenty years after it was granted, and the omission to explain this by the authorities must be to their prejudice, because the presumption is, that the restraint was based upon facts and circumstances which warranted it, and which have not been overcome or at all affected by any act on their part or behalf.

Indeed it may be presumed that it was granted, because the assessments were shown to have been paid, a fact of which there is some evidence arising from the entry of payment already mentioned.

These facts and circumstances, taken in connection with the long delay which has occurred, justify the conclusion that the assessments should not be allowed to continue as a cloud upon the petitioner's title and should be canceled.

It is objected that this remedy cannot be granted on petition, but the appellant did not object to the investigation made on that ground, and the facts and all the parties are before us.

The assessments are in the nature of judgments. (*Mayor* v. *Colgate*, 12 N. Y., 140.) They are confirmed by the order of this court, and are subject to its power and authority on a question like that presented for consideration.

The power of this court on motion or petition to order a judgment canceled cannot be questioned, and need not be discussed. The parties to these judgments are the owners of the property, and the city. They are before us and have presented their proofs.

The order made at Special Term was, for these reasons, properly directed and should not be disturbed. It is therefore affirmed, but we think no costs should be allowed."

*Hugh L. Cole*, for the city, appellant. *Elliot F. Shepard*, for the petitioner, respondent.

Opinion by BRADY, J. ; DAVIS, P. J., and DANIELS, J., concurred.

Order affirmed, without costs.